**SO ORDERED.**

**SIGNED this 29 day of July, 2026.**

**Joseph N. Callaway**
**United States Bankruptcy Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**FAYETTEVILLE DIVISION**

**IN RE:**

**MCGEACHY HOLDING LLC**

**DEBTOR.**

**CASE NO. 26-01995-5-JNC**
**CHAPTER 11**

**FOURTH INTERIM ORDER AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL**

**THIS CAUSE** was scheduled for hearing before the Court upon the Emergency Motion for Authorization to Use Cash Collateral (the "Motion") filed by the Debtor on May 1, 2026. An interim hearing was held on the Motion on May 7, 2026, and a First Interim Order Authorizing Debtor's Use of Cash Collateral was entered on May 13, 2026. A second interim hearing was held on May 27, 2026, and a Second Interim Order Authorizing Debtor's Use of Cash Collateral was entered on June 2, 2026. A third interim hearing was held on July 7, 2026, and a Third Interim Order Authorizing Debtor's Use of Cash Collateral was entered on July 15, 2026.

A FOURTH INTERIM HEARING was held on July 21, 2026, at which the Debtor's attorney appeared, along with the attorney for United Bank, the Bankruptcy Administrator, and the Subchapter V Trustee ("Trustee"), and with the Honorable Joseph N. Callaway, presiding; and

IT APPEARING to the Court that the terms and conditions set forth below are reasonable and appropriate, are in the best interests of the bankruptcy estate and all creditors and should be approved on an interim basis. It further appears to the Court that the notice of the Motion which the Debtor provided to creditors and parties in interest is adequate and proper.

**THEREFORE**, based upon the Debtor's Motion for Authorization to Use Cash Collateral, and the record in this case, the Court hereby makes the following **FINDINGS OF FACT** and **CONCLUSIONS OF LAW**:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The Debtor filed a voluntary petition seeking relief under Subchapter V of Chapter 11 of the Bankruptcy Code on May 1, 2026, and currently operates as a Debtor-in-Possession.

3. The Debtor is a North Carolina limited liability company engaged in the residential real estate rental business in Cumberland County, North Carolina.

4. Prior to filing, United Bank took a security interest in the rental properties owned by the Debtor as the result of various deeds of trust and/or assignment of rents clauses within the loan documents executed between the parties, as follows:

   a. A note dated December 13, 2023 in the original principal amount of $500,000.00, secured by a deed of trust recorded in Book 11874, Page 174 of the Cumberland County Register of Deeds Office, encumbering real estate located in Fayetteville, at 1184 Wrenwood Court, 587 Winding Creek Road,

301 Warton Lane Apartment 9, 1841 Tryon Drive Unit 7, 3323 Scotty Hill Road, 612 Marshtree Lane Unit 301, 537 Jennings Farm Road, and 5026 Houston Road;

b. A note dated October 24, 2023 in the original principal amount of $270,000.00, secured by a deed of trust recorded in Book 11845, Page 380 of the Cumberland County Register of Deeds Office, encumbering the real property in Fayetteville located at 571 Winding Creek Road, Unit B and 114 Wynncrest; and

c. A note dated December 8, 2021 in the original principal amount of $252,700.00, secured by a deed of trust recorded in Book 11337, Page 72 of the Cumberland County Register of Deeds Office, encumbering the real property in Fayetteville located at 7546 Branchwood Circle and 394 Oak Hill Lane (collectively, the "Collateral").

5. In addition to the deeds of trust, certain homeowners associations or property owners associations filed claims of lien for unpaid dues that remain outstanding, including the follows:

a. The Landfall Condominium HOA recorded a claim of lien at file number 25M000887-250 against the property at 612 Marshtree Lane Unite 301;

b. The Wynncrest HOA recorded a claim of lien at file number 25M000432-250 against the property at 114 Wynncrest; and

c. The Crossings at Morganton HOA recorded two claims of lien at file numbers 25M001456-250 and 25M001463-250 against the property at 301

Warton Lane. It appears that the rental proceeds generated by the Debtor's rental property business may constitute cash collateral of the various secured creditors shown on Exhibit A ("Secured Creditors") within the meeting of § 363 of the Bankruptcy Code, and to the extent of their relative lien priorities.

6. First Citizens Bank obtained a judgment in Cumberland County against the Debtor on or about December 23, 2025.

7. Section 363(c) of the Bankruptcy Code provides that debtors may use cash collateral provided "(A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section." 11 U.S.C. § 363(c)(2). The term "cash collateral" includes "cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest . . . ." 11 U.S.C. § 363(a).

8. The cash proceeds generated from the operation of the Debtor's rental property business and the collection of outstanding and future rents constitute cash collateral of United Bank, to the extent of its relative lien priorities within the meaning of § 363 of the Bankruptcy Code.

9. For the purposes of this Order, the Debtor acknowledges and does not dispute the validity, priority, and enforceability of the liens asserted by United Bank, or the amounts due to United Bank under the applicable loan documents; provided, however, that neither the Debtor nor any other party in interest shall be precluded from reviewing and challenging the validity, priority, and enforceability of the

security interests and liens held by United Bank, or from challenging the amounts due.

10. In order to continue and maintain its existing operations, the Debtor will be required to incur certain operating expenses, including utilities, insurance, maintenance, and operating expenses. The Debtor's sole source of income is through continued rental property operations.

11. The Debtor represents that a reorganization and continuation of its operations will generate the greatest source of funds for creditors, including secured creditors. The Debtor will require access to the cash collateral generated by its operations in order to allow it to remain in business.

12. The terms and conditions of this Order provide adequate protection of the interests, if any, of United Bank for the Debtor's interim use of cash collateral.

13. The Court finds, on an interim basis, that the requirements of the Bankruptcy Rules and the Bankruptcy Code, including without limitation Bankruptcy Rule 4001(d), have been satisfied for the Debtor's use of cash collateral upon the terms set forth in this Interim Order.

**WHEREFORE**, based upon the foregoing Findings of Fact and Conclusions of Law, the Court hereby **ORDERS**:

1. Notwithstanding 11 U.S.C. §552, United Bank is granted post-petition replacement liens as adequate protection on the same assets to which its liens attached pre-petition, to the same extent, and with the same validity and priority as existed on the Petition Date. The liens created hereunder shall be deemed perfected by the entry of this Order without further actions or filing by United Bank. The post-

petition liens provided for herein shall survive the term of this Order to the extent the pre-petition liens were valid, perfected, enforceable, and non-avoidable as of the Petition Date. The Debtor does not waive, and expressly reserves for itself and the bankruptcy estate (including other creditors and any Committee, if any, in this proceeding), the right to challenge the validity and priority of the pre-petition liens of United Bank and, derivatively, the post-petition liens provided for hereunder.

2. The Debtor shall be authorized to use cash collateral for its necessary and reasonable operating expenses, as detailed in the budget attached hereto as **Exhibit A**. The Debtor shall be required to receive written authorization for expenditures in excess of the budgeted amounts from United Bank, the Trustee, and the Bankruptcy Administrator, except that the Debtor is authorized to exceed an individual line item by a maximum of 10% without prior approval. Further, to the extent the Debtor may need to make an expenditure for an expense not included as an individual line item, it may do so only after receiving written authorization from United Bank, the Trustee, and the Bankruptcy Administrator.

3. The terms and conditions of this Order do not necessarily constitute adequate protection of the interests of United Bank in cash collateral. The Debtor expressly reserves its right to seek additional use of cash collateral beyond the stated term of this Order. Any party may seek further consideration of the relief granted in this Order or other cash collateral issues by filing a request with the Court; provided, however, that a hearing on any such request shall not occur on less than three business days' notice to United Bank, the Bankruptcy Administrator, and the Debtor.

Nothing in this Order shall waive any rights of United Bank unless expressly provided for herein.

4. This Order shall remain in full force and effect until the earlier of the (a) entry of an Order by the Court modifying the terms of this Order; (b) entry of an Order by the Court terminating this Order for cause, including but not limited to breach of its terms and conditions; (c) upon filing of a notice of default as provided in this Order, or (d) entry of a subsequent interim or final Order approving use of cash collateral.

5. It shall be a default hereunder for any one or more of the following to occur: (a) the Debtor shall fail to comply with any of the terms or conditions of this Order; (b) the Debtor shall fail to maintain insurance on the collateral; (c) the Debtor shall use cash collateral other than as agreed in this Order; or appointment of a trustee or examiner in this proceeding, or the conversion of this case to a proceeding under Chapter 7 of the Bankruptcy Code.

6. Upon the filing with the Court by United Bank of a written notice of any such default (which shall be served upon counsel for the Debtor and Bankruptcy Administrator by electronic mail), the Debtor may request a hearing to challenge the declaration of default hereunder. The parties shall have the right to seek an expedited hearing on any challenge by the Debtor; provided, however, that such hearing shall not occur on less than three business days' notice to the other party.

7. The Debtor shall remain current in the payment of all post-petition tax liabilities, except for taxes paid through the Debtor's Plan of Reorganization.

8. The Debtor shall maintain the rents associated with properties encumbered by liens in favor of United Bank in one or more separate DIP bank accounts from those rental proceeds of properties not encumbered by liens in favor of United Bank and shall pay approved expenses associated with properties encumbered by liens in favor of United Bank from such DIP bank accounts in accordance with the terms of the cash collateral budget.

9. On or before the respective dates set forth below, the Debtor shall deliver to United Bank the following financial information and business data:

a. Access to Collateral: Upon reasonable prior notice, the Debtor shall provide to representatives and/or employees of United Bank all such information and access it may reasonably request for the purpose of evaluating the Real Property Collateral;

b. The Debtor shall serve a copy of monthly reports required by Rule 4002 on United Bank. During the Interim Period, Debtor shall provide United Bank, the Trustee, and the Bankruptcy Administrator with weekly "screen shots" showing account balances for the preceding week. This information shall be provided to United Bank, the Trustee, and the Bankruptcy Administrator by the close of business every Friday, beginning on July 24, 2026, and continuing each Friday thereafter unless otherwise ordered by the Court.

c. The Debtor shall also provide United Bank, the Trustee, and the Bankruptcy Administrator a report showing receipts and disbursements, along with appropriate bank statements and receipts, for the period of July 16 – July

30, 2026, to be provided on or before the close of business on August 7, 2026. Further, unless otherwise ordered by the Court or as agreed by the parties, the Debtor shall be prepared to provide a similar report for transactions made during the month of August, 2026, with that report to be due on or before the close of business on September 11, 2026.

These obligations of the Debtor are continuing in nature, shall survive the term of this Interim Order, and shall remain in effect until the earlier of (i) the effective date of any confirmed Chapter 11 plan in this proceeding; (ii) sale of substantially all of the assets of the estate; (iii) conversion of this case to another Chapter of the Bankruptcy Code; or (iv) dismissal of this proceeding.

10. To the extent the protections described herein fail to adequately protect United Bank's interest, United Bank shall have the right to file a motion for an allowed priority claim under 11 U.S.C. § 506(b) to the extent of any diminution in value of its collateral from and after the Petition Date.

11. The Debtor shall not dispose of any asset out of the ordinary course of its business without the advance written consent of United Bank, as applicable, and, as necessary, the approval of this Court.

12. If any or all of the provisions of this Interim Order are hereafter modified, vacated or stayed by any subsequent order of this Court or any other court, such stay, modification or vacation shall not affect the validity or enforceability of any lien or priority authorized or created hereby prior to the effective date of such modification, stay, vacation or final order to the extent that said lien or priority is valid, perfected, enforceable and otherwise nonavoidable as of the Petition Date. The

validity and enforceability of all liens and priorities authorized or created in this Order shall survive the conversion of this case to a proceeding under Chapter 7 of the Bankruptcy Code or the dismissal of this proceeding. This Interim Order shall be binding upon and inure to the benefit of the Debtor. The terms and provisions of this Interim Order shall bind any trustee appointed for the Debtor's estate under any provision of the Bankruptcy Code. This binding effect is an integral part of this Order.

13. The Debtor shall serve notice of this Interim Order on all parties entitled to receive the same pursuant to Bankruptcy Rules 1007 and 4001.

14. Unless additional agreement for the use of cash collateral is reached by the parties prior to August 24, 2026, further hearing on this matter shall be heard on August 25, 2026, at 11:30 AM in the United States Bankruptcy Court, Greenville, North Carolina.

**END OF DOCUMENT**

**Exhibit A**

**August budget**

| Address | Rent SEC8 | Tenant Rent | Total In | Insurance | HOA | Maint. | Total Out | Net Income |
|---|---|---|---|---|---|---|---|---|
| 301 Warton Lane Unit 9 | $ - | $ 1,350.00 | $ 1,350.00 | $ 86.00 | $ 243.00 | $ 300.00 | $ 629.00 | $ 721.00 |
| 587 Winding Creek Unit D | $ 1,094.00 | $ 156.00 | $ 1,250.00 | $ 94.13 | $ 289.00 | $ 1,000.00 | $ 1,383.13 | $ (133.13) |
| 5026 Houston Rd | $ 1,750.00 | $ - | $ 1,750.00 | $ 149.00 | $ - | $ 300.00 | $ 449.00 | $ 1,301.00 |
| 573 Jennings Farm Rd | $ 1,500.00 | $ - | $ 1,500.00 | $ 188.00 | $ - | $ 300.00 | $ 488.00 | $ 1,012.00 |
| 3323 Scotty Hill Rd | $ - | $ - | $ - | $ 93.00 | $ - | $ 300.00 | $ 393.00 | $ (393.00) |
| 1841 Tryon Dr | $ - | $ - | $ - | $ 77.00 | $ 171.00 | | $ 248.00 | $ (248.00) |
| 612 Marshtree Lane 301 | $ - | $ - | $ - | $ 120.44 | $ 418.00 | $ 300.00 | $ 838.44 | $ (838.44) |
| 1184 Wrenwood Ct | | $ 1,000.00 | $ 1,000.00 | $ 86.00 | $ 140.00 | $ 300.00 | $ 526.00 | $ 474.00 |
| 394 Oakhill Lane | | $ 1,500.00 | $ 1,500.00 | $ 119.00 | $ 78.00 | $ 300.00 | $ 497.00 | $ 1,003.00 |
| 7546 Branchwood Circle (mobile home) | | $ 1,250.00 | $ 1,250.00 | $ 111.00 | | $ 300.00 | $ 411.00 | $ 839.00 |
| 7546-A Branchwood Circle | | $ 1,000.00 | $ 1,000.00 | * | | $ 300.00 | $ 300.00 | $ 700.00 |
| 7546-B Branchwood Circle | | $ 1,000.00 | $ 1,000.00 | * | $ - | $ 300.00 | $ 300.00 | $ 700.00 |
| 571 Winding Creek Unit B | $ - | $ 1,300.00 | $ 1,300.00 | $ 93.00 | $ 289.00 | $ 300.00 | $ 682.00 | $ 618.00 |
| 114 WynnCrest | $ 2,086.00 | $ 214.00 | $ 2,300.00 | $ 178.00 | $ 175.00 | $ 300.00 | $ 653.00 | $ 1,647.00 |
| 301 Warton Lane Unit 3 | $ 610.00 | $ 740.00 | $ 1,350.00 | $ 92.00 | $ 243.00 | $ 300.00 | $ 635.00 | $ 715.00 |
| **TOTALS:** | $ 7,040.00 | $ 9,510.00 | $ 16,550.00 | $ 1,486.57 | $ 2,046.00 | $ 4,900.00 | $ 8,432.57 | $ 8,117.43 |
| | | | | | | | | |
| Plus Cash on Hand (Estimate, based on balance as of 7/17/26 less amounts authorized and expected to be paid in July budget. Some expense itmes were less than expected). | | | | | | | $ 23,189.34 | |
| Less insurance on 2024 Tesla Cybertruck | | | | | | | $182.41 | |
| Less United Bank - 3 Loans | | | | | | | $ 8,301.00 | |
| Net Cash | | | | | | | $ 22,823.36 | |
| | | | | | | | | |
| 3740 Owen Drive - event center | | | | | | | | |
| | | | | | | | | |

* Insurance for 7546 Branchwood is shown pro-rated for the 3 properties. The total insurance is $111.00 per month.