**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**FAYETTEVILLE DIVISION**

| | |
|---|---|
| **IN RE:**<br><br>**MCGEACHY HOLDING LLC,**<br><br>**DEBTOR.** | **CASE NO. 26-01995-5-JNC**<br><br>**CHAPTER 11** |

**BANKRUPTCY ADMINISTRATOR'S OBJECTION TO SUBCHAPTER V PLAN OF REORGANIZATION**

**NOW COMES** the Bankruptcy Administrator for the Eastern District of North Carolina (the "BA"), by and through undersigned counsel, and respectfully files this objection to the Debtor's Subchapter V Plan of Reorganization and Addendum (collectively, the "Plan") [D.E. # 64] filed on July 30, 2026; and, in support thereof, shows unto the Court the following:

**Background**

1. The Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code on May 1, 2026.

2. The Debtor is a North Carolina limited liability company which operates a rental property business in Fayetteville, North Carolina. The Debtor's sole member is Donovan McGeachy ("Mr. McGeachy"), an individual residing in Cumberland County.

3. The Debtor proposes to make Plan payments through the continuation of its operations. As filed, the Plan proposes to pay specific amounts and terms of payment as established according to the treatment of each respective creditor.

4. The Debtor elected to proceed under Subchapter V of the Bankruptcy Code. Kathleen O'Malley was appointed Subchapter V Trustee.

**Best Interest of Creditors**

5. Section 1129(a)(7) requires that, with respect to each impaired class of claims or interests:

> each holder of a claim or interest of such class—(i) has accepted the plan; or (ii) will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date;

11 U.S.C. § 1129(a)(7)(A) (emphasis added).

6. The Debtor's Liquidation Analysis, attached as Exhibit B to the Plan, indicates that equity for general unsecured creditors is sufficient to pay all allowed general unsecured claims in full.

7. Within the Addendum, the Debtor indicates that allowed general unsecured claims shall be paid in full over a period of five years. However, the Debtor then proposes quarterly installments of $798.00, an amount insufficient to pay projected unsecured claims in full.

8. The Debtor should be prepared to present evidence of the liquidation values attributed to the Debtor's assets and demonstrate how the liquidation analysis supports a finding that the Debtor has complied with the best interest of creditors test.

**Feasibility**

9. The Debtor must prove that confirmation of its Plan is not likely to be followed by the need for further liquidation or reorganization. "The question of feasibility is a question of fact in which the debtor bears the burden to show feasibility of the plan by a preponderance of the evidence." *In re Wiggins Farms, Inc.*, 12-02651-8-RDD, 2012 WL 6059208, at *2 (Bankr. E.D.N.C. Dec. 6, 2012) (citing *In re Investment Co. Of Southwest, Inc. (F.H. Partners, L.P. v.*

*Investment Co. of Southwest, Inc., Four Hills Associates, and Bank of America)*, 341 B.R. 298, 310 (B.A.P. 10th Cir. 2006)).

10. "Feasibility is 'firmly rooted in predictions based on objective fact.'" *In re Wiggins Farms, Inc.*, 2012 WL 6059208, at *2 (quoting *In re Cheatham*, 78 B.R. 104, 109 (Bankr. E.D.N.C. 1987)). The feasibility test "contemplates the probability of actual performance of the provisions of the plan. Sincerity, honesty, and willingness are not sufficient to make the plan feasible, and neither are any visionary promises. The test is whether the things which are to be done after confirmation can be done as a practical matter under the facts." *In re Cheatham*, 78 B.R. 104, 109 (Bankr. E.D.N.C. 1987) (cleaned up).

11. Factors that a court can assess in evaluating feasibility include "the capital structure of the reorganized [d]ebtors, their projected earning power, economic conditions, management's ability and likelihood of continuing to work for the reorganized [d]ebtors, and any other factors relevant to performance of the Plan." *In re Wiggins Farms, Inc.*, 2012 WL 6059208, at *2 (quoting *In re Piece Goods Shops Company, L.P.*, 188 B.R. 778, 798 (Bankr. M.D.N.C. 1995)).

12. The Debtor should be prepared to provide evidence of feasibility through continued operations at the Confirmation Hearing.

**<u>Good Faith Requirement Under 11 U.S.C § 1129(a)(3)</u>**

13. Section 1129(a)(3) requires that a plan has been "proposed in good faith and not by any means forbidden by law." 11 U.S.C. § 1129(a)(3). Courts have generally held that a plan is proposed in good faith where it "fairly achieve[s] a result consistent with the objectives and purposes of the Bankruptcy Code." *In re Kaiser Gypsum Company, Inc.*, 135 F.4th 185, 194 (4th Cir. 2025) (quoting *In re Am. Cap. Equip., LLC*, 688 F.3d 145, 158 (3d Cir. 2012)). In evaluating whether a plan is consistent with those objectives and purposes, courts must consider the totality

of the circumstances. *Id*. "[W]hen construing this element of the good faith requirement of § 1129(a)(3), courts assess whether a debtor can commit more than proposed under his particular plan, based on his total financial scenario." *In re Osborne*, Case No. 12-00230-8-SWH, 2013 WL 2385136, at *5 (Bankr. E.D.N.C. May 20, 2013). A "[f]ailure to provide substantial repayment is certainly evidence that a debtor is attempting to manipulate the statute rather than attempting honestly to repay his debts." *Deans v. O'Donnell*, 692 F.2d 968, 972 (4th Cir. 1982) (analyzing the good faith standard in Chapter 13).

14. The Debtor proposes to treat Class 3- First Citizens bank as fully secured by a lien on a 2024 Tesla Cybertruck and a judgment lien on all of the Debtor's real estate. The Debtor proposes pay First Citizens in full with interest of 7.25%, with payments to commence with the first full month after the Effective Date of the Plan.

15. However, according to First Citizens' proof of claim filed on September 2, 2026 (Court Claim # 6), it appears the Cybertruck may be titled solely in the name of Mr. McGeachy. If so, that portion of First Citizens' claim is unsecured as to the Debtor and should be classified and treated as such.

16. Additionally, the Plan proposes to delay making quarterly payments to holders of allowed general unsecured claims (Class 7) until January 15, 2027, though according to the Debtor's Projections, the Debtor will have sufficient cash on hand to begin making disbursements to unsecured creditors immediately.

17. The Debtor should be prepared to demonstrate how the Plan meets the good faith requirement established of 11 U.S.C. § 1129(a)(3).

**Vesting Provisions**

18. Pursuant to 11 U.S.C. § 1186, if a plan is confirmed pursuant to 11 U.S.C. § 1191(b) then property of the estate does not vest pursuant to 11 U.S.C. § 1141(b) but instead remains property of the estate for the pendency of the bankruptcy case.

19. Article 9 of the Addendum discusses revesting of the Debtor's assets.

20. If the Debtor's Plan is confirmed pursuant to 11 U.S.C. § 1191(b), the Confirmation Order should provide that the Debtor's property does not re-vest in the Debtor upon confirmation.

21. Additionally, Article 9 of the Addendum calls for closing the case upon substantial consummation. If the Plan if confirmed pursuant to 11 U.S.C. § 1191(b), the BA asserts the case may only be closed upon completion of the Plan.

**Monthly Reports**

22. The Debtor is current on its monthly operating reports.

23. The BA reserves the right to further amend this response prior to the hearing.

**WHEREFORE,** the Bankruptcy Administrator respectfully requests that the Plan of Reorganization be denied until the Debtor addresses the concerns raised herein and further evidence of feasibility is presented at the Confirmation Hearing, and that the Court grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 17th day of September, 2026.

Brian C. Behr,
US BANKRUPTCY ADMINISTRATOR – EDNC

By: /s/ Kelly C. Newcomb
Kelly C. Newcomb
Staff Attorney
N.C. State Bar No. 62573

Bankruptcy Administrator's Office
Eastern District of North Carolina
434 Fayetteville St, Suite 640
Raleigh, NC 27601
(919) 334-3889
kelly_newcomb@nceba.uscourts.gov

# CERTIFICATE OF SERVICE

I, Rick P. Hinson, of 434 Fayetteville Street, Suite 640, North Carolina, 27601, certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age.

That on this day, I served copies of the foregoing document upon the following in the manner described:

Joseph A. Bledsoe, III **(via CM/ECF)**
Laurie Biggs
*Attorneys for the Debtor*

Kathleen O'Malley **(via CM/ECF)**
*Subchapter V Trustee*

I certify under penalty of perjury that the foregoing is true and correct.

Dated this 17th day of September, 2026.

By: /s/Rick P. Hinson
Rick P. Hinson
Operations Supervisor
Bankruptcy Administrator's Office
434 Fayetteville St., Suite 640
Raleigh, NC 27601